[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT
The principal claim of the plaintiff is: The jury returned its verdict so quickly that it could not have fairly considered the evidence and the applicable law.
The Clerk's Docket indicates that on October 19, 1990, the jury withdrew at 4:12 p. m. with instructions to select a foreperson but not to begin deliberations until the exhibits were sent to the jury room. The exhibits were transmitted to the jury at 4:20 p. m. The jury was recalled at 4:57 p. m. and given an opportunity to return the next court session or to continue deliberations. The jury elected to continue deliberations. The jury indicated it had reached its verdict at 5:05 p. m.
The issue of liability was clear cut: Did the plaintiff fall because his cane was knocked out from under him by the floor sweeping actions of the defendant's employee, Eugene Sieranski?
The jury had as Exhibit "A" an incident report indicating that the cane was knocked out from under the plaintiff by Sieranski's sweeping with his broom. The report listed, inter alia, a Kelly Allyne, cashier, as a witness to the incident. The report was prepared by the store manager some time after the incident based on information received from the night manager.
The jury heard the testimony of Allyne, who denied making such statement and who testified that the fall was caused by the plaintiff's grabbing of his own cane from its position in his shopping cart and his subsequent loss of balance when the cane became stuck in the cart.
The jury heard the testimony of Sieranski who stated that he was not adjacent to the plaintiff when the plaintiff fell but saw the incident as resulting from the plaintiff's effort to CT Page 3652 retrieve the cane from the shopping cart.
The jury also had the opportunity to observe, hear and determine what credit it would give to the claimed inability of the foreman, manager and night manager to recall the sources of the information recorded in the incident report.
The plaintiff's own testimony about the fall was that he inferred the cane was swept out from under him because of the proximity of Sieranski, and his vigorous sweeping, and the sudden fall caused by the loss of the cane's support.
It appears that the question of liability was resolved on the credit to be given to Sieranski's testimony and to Allyne's testimony as against the information in the incident report and the plaintiff's recollection.
If Sieranski was given full credit, there was no liability established by a fair preponderance of the evidence.
All of the other exhibits and testimony was concerned with injury, losses and damages.
Under these circumstances, the court cannot conclude that the jury did not fulfill its obligations despite the swiftness of its decision.
The plaintiff also asks the verdict be set aside because of the court's ruling that notes alleged to have been prepared by the night manager were not admissible on any of the grounds claimed at trial.
The plaintiff presented nothing at the hearing which would warrant this court to reverse its ruling.
The motion is denied.
NIGRO, JUDGE